No. 80.—CHARLES S. REYNOLDS, plaintiff in error, vs. EDWIN T. JORDAN, adm'r, &c. defendant in error.

[1.] In attachment, the defendant, on the day of levy, replevies the property; and the Sheriff thereupon, omits to advertise the levy: *Held*, that this omission does not affect the validity of the subsisting suit against the defendant.

Attachment, in Crawford Superior Court. Decision by Judge POWERS, September Term, 1855.

In this case, the defendant moved to dismiss the attachment on the ground, that the levy was not advertised as required by the Statute; it appearing that the defendant had replevied the goods as soon as the attachment was served. The Court refused the motion, and this decision is assigned as error.

NORMAN, for plaintiff in error.

CULVERHOUSE, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

The effect of the replevy was to dissolve the attachment; that is, was to render void the attachment; and was also to substitute for the attachment thus rendered void, another contrivance for effecting the object of the attachment—an appearance. This substitute was the personal obligation of the defendant to appear, " and to abide by, and perform the order and judgment" of the Court.

Suppose, therefore, that we admit that the failure to advertise the levy made void (if it be possible to make void that which is already void) the attachment; how did that affect the thing which, before the attachment was made void, was substituted for the attachment? Manifestly, in no way. It

is no where said, that *this* shall be void for a failure to advertise the levy.

Besides, when the defendant took upon himself the personal obligation aforesaid, all was done which an advertisement of the levy could have accomplished. Such an advertisement can serve no other purpose, in cases of attachment, than to induce the *appearance* of the defendant. When the defendant has appeared—has not only appeared, but has given bond and security to abide the judgment in the case, that purpose is more than accomplished. (*Cobb's Dig.* 71.) We think the judgment of the Court below ought to be affirmed.